**Opinion filed November 15, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00300-CR
_____

## SHONDEL SUNDWALL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37773**

### MEMORANDUM OPINION

Shondel Sundwall appeals her conviction by a jury for the offense of possession of between one and four grams of a controlled substance, methamphetamine. The trial court assessed her punishment at ten years in the Texas Department of Criminal Justice, Institutional Division, but suspended the imposition of the sentence and placed her on community supervision for five years. She contends in her sole issue on appeal that the evidence is insufficient to support her conviction. We affirm.

Robbie Dale Mobley testified that he is an investigator with narcotics and vice for the Midland Police Department. He said that on July 1, 2010, he was called by a narcotics investigator from another county. He indicated that the other county had a female in custody who had information about a subject in Midland County who was reputed to be involved in distributing large quantities of methamphetamine. He disclosed that the name of the informant was Laci Landers.

Investigator Mobley testified that Landers called a Ronald Eugene Finnell and established a time to make a purchase of illegal drugs. He said that he was familiar with the vehicle, a dark blue nineties-model Buick, that would be used by Finnell. He indicated that, by the time he arrived at a convenience store where the sale was to have been made, the vehicle had already left and been stopped by marked units that had the store under surveillance.

Investigator Mobley indicated that he received possession of a phone taken from the vehicle that was identified as belonging to "Ms. Shondel." He identified State's Exhibit Nos. 1 through 11 as photographs of text messages that were on that phone. Among the messages was one dated June 30 at 11:04 p.m. that said, "I am. On the road. Flying<Shondel+8>; one dated June 30 at 11:44 p.m. that said, "Its not mine cant give any<Shondel+8>; one dated June 30 at 11:45 p.m. that said, "Whats up. U want that<Shondel+8>; and one dated June 30 at 9:07 p.m. that said, "Right On. Do u still have my candy at ur place<Shondel+8>."

Laci Landers confirmed that, after drugs were found in her possession, she offered to help Investigator Mobley. She testified that she called Finnell and asked him "where we could get some drugs." She related that Finnell told her that Sundwall was with him and that Sundwall had some with her.

Finnell testified that, after receiving the call from Landers, he observed Sundwall counting drugs in her hand. He said that Sundwall told him that she had enough to sell to Landers. He recalled that Sundwall had some kind of purse or bag with her.

On cross-examination, Finnell testified that, on the evening in question, Sundwall had "took us out to get high." He indicated that he had gotten high with her before and had purchased drugs from her before. He said that, when he and Sundwall were stopped by the police, Sundwall had drugs and they were going to do them at his house. Finnell also acknowledged on recross-examination that, in prior dealings with Sundwall, he had provided her with drugs.

Kenneth Lee Angel testified that, on the occasion in question, he was on a K-9 unit with the Midland Police Department. He said that his dog alerted to the odor of illegal narcotics on the passenger's side of Finnell's vehicle. He related that another officer, Officer Cox, handed him a purse that contained a crystal-like substance that he believed to be crystal meth. He indicated that, to his knowledge, no drugs were found in any place other than the passenger's side of the vehicle.

Jim Cox testified that he is a police officer with the City of Midland. He indicated that, on the evening in question, he observed a vehicle matching the description given by Investigator Mobley. He described the driver of the vehicle as a white male and the passenger as a white female.

Officer Cox testified that he and Officer Truex stopped the vehicle in question after it left the convenience store where they had been told it would be. He indicated that, after the vehicle was stopped, a search was made of the vehicle after Officer Angel's dog alerted for illegal drugs. He related that Officer Angel, who was searching the driver's side of the vehicle, did not find anything. Officer Cox indicated that, in his search of the passenger's side of the vehicle, he found a duffle bag in the floorboard and found other items in the compartment underneath the door handle of the passenger's side of the vehicle.

Officer Cox disclosed that, in a day planner located in the duffle bag, he found a black velvet bag containing a clear, crystalline white substance that he believed to be methamphetamine. He also indicated that he found a metal tin of what appeared to be prescription narcotics and a baggie that contained what he believed to be methamphetamine. He stated that several small baggies were found in a cigarette box that he found in the compartment beneath the door handle on the passenger's side of the vehicle.

Officer Cox testified that State's Exhibit No. 13 was labeled as an unknown quantity of other drugs. He indicated that it was also labeled with the police case number of the offense, number 100701004. He said the exhibit included the black velvet bag located inside a black day-planner type binder, the metal tin containing pills or prescription narcotics, and the contents of what had been contained in the cigarette box. When asked on cross-examination whether he had checked the day planner for any kind of identifying information, Officer Cox answered, "No. The information and everything that we had from the duffle bag itself belonged to

3

Ms. Sundwall." He acknowledged that the source of his belief that the duffle bag belonged to Sundwall was its location in the front passenger's side of the vehicle.

Neil Truex testified that he was on duty as a Midland police officer on the occasion in question. He insisted that his report was in error in stating that the K-9 unit's dog had alerted on both the driver's side and passenger's side of the vehicle because of his lack of knowledge of how the dog makes an indication. He confirmed that he had put the contents of State's Exhibit Nos. 13 and 14 in a locked evidence locker. He indicated that he believed Finnell was arrested for driving with an invalid driver's license, but he did not think Finnell was arrested for being in possession of a controlled substance.

Dennis Hambrick testified that he is a chemist with the Texas Department of Public Safety in Midland. He indicated that the substance contained in the smaller baggies was methamphetamine.

A conviction for unlawful possession of a controlled substance requires the State to prove beyond a reasonable doubt that an individual exercised control, management, or care over the substance and that the accused knew the substance being possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The elements of possession may be proven by direct or circumstantial evidence. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). We hold that the evidence is sufficient to support the conviction.

In arguing that the evidence is insufficient, Sundwall argues that the testimony establishes that Finnell was in possession of methamphetamine on the night in question, stating that he admitted that he intended to get high and that he had a user quantity, not a sales quantity, with them in the car. Finnell, while acknowledging that, when Landers called him, he was on his way home to get high and that he only knew "we had enough [drugs] for personal use," insisted that, at the time, he was not personally in possession of any drugs. Sundwall does not explain why the jury could not have chosen to believe Finnell's testimony that it was Sundwall, not he, who was in possession of the drugs found in the car.

While, in her summary of the testimony, Sundwall recounts Finnell's testimony that she told him she had enough drugs to sell and that he saw her counting out the drugs, she makes no mention of that testimony when she discusses why the evidence is insufficient, merely suggesting that the evidence failed to establish that she intentionally and knowingly possessed the methamphetamine. The jury was free to believe Finnell's testimony that Sundwall told him

4

she had enough drugs to sell to Landers and his testimony that he saw her counting out the drugs. Sundwall presents no explanation as to why this does not constitute evidence that she intentionally and knowingly possessed the methamphetamine. We overrule Sundwall's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

November 15, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.